UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20564-CR-Lenard

UNITED STATES OF AMERICA

vs.

SEA FOOD CENTER, LLC.,
a/k/a KIERO SEAFOOD,

        Defendant.
_____/

### PLEA AGREEMENT

The United States of America and SEA FOOD CENTER a/k/a KIERO SEAFOOD, (hereinafter referred to as the "defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to Counts 1, 2, and 8 of the Information, which charges the defendant with Conspiracy To Falsely Label and Misbrand Seafood, in violation of Title 18, United States Code, Section 371, Lacey Act-False Labeling, in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), and Food Drug and Cosmetic Act Misbranding, in violation of Title 21, United States Code, Sections 331 and 343(a)(1).

2.    The United States will seek dismissal of Counts 3 through 7, and 9 through 14 of the Information, as to this defendant, at sentencing.

3.    The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory

1



sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that while the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that the court may impose a term of probation of not less than one year nor more than five years and may impose a fine of up to the greater of $500,000 for each count of conviction or twice the amount of either the pecuniary gain from the offense or the gross pecuniary loss from the offense to persons and organizations other than the defendant. The court may also order restitution to any ascertainable victim of the offense conduct. The defendant further understands and acknowledges that, in addition, a special assessment in the amount of four hundred dollars ($400.00) per Count for a total of $1,200.00 will be imposed on the defendant. This assessment amount must be paid at or before the date of sentencing.

5.   The Office of the United States Attorney for the Southern District of Florida

(hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quantity of punishment.

6. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the court that under the advisory Sentencing Guidelines the following findings and conclusions would correctly represent the calculation of a reasonable and appropriate sentence:

> A. The parties recommend that the defendant be placed on organizational probation for a period of five years, pursuant to Section 8D1.2.
>
> B. The United States and the defendant agree that a criminal fine in the amount of $5,000.00 as to each Count for a total of $15,000 is appropriate and should be imposed pursuant to Title 18, United States Code, Section 3571(c). This amount is to be made payable to the Clerk, United States Courts and must be paid pursuant to schedule set by probation.
>
> C. The defendant shall allow local, state, and federal officials or representatives, including any officer of the Probation Office, to conduct unannounced examinations of the defendant's premises, books, and records to verify compliance with local, state, and federal laws and regulations and with the terms of probation.

7. The defendant agrees that it will provide to the United States written evidence in the form of a certified resolution by the Board of Directors, certifying that the defendant is authorized to plead guilty to the charges as set forth in the Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that the designated corporate representative, Adrian Vela, President of SEA FOOD CENTER, LLC., a/k/a KIERO SEAFOOD, is authorized to take these actions and that all corporate formalities required for such authorization

have been observed. The defendant agrees to have the designated representative act on its behalf in these criminal proceedings, appear on the defendant's behalf to enter the guilty plea, and to appear for the imposition of sentence.

8. The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution or community service order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the advisory guideline range that the court establishes at sentencing. Subject to the preceding provision, this appeal waiver includes a waiver of the right to appeal the sentence on the ground that under the advisory sentencing guidelines range determined by the court, the sentence imposed in this case is not a reasonable sentence. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the Board of Directors and all appropriate corporate representatives have discussed the appeal waiver set forth in this agreement with defendant's attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of its right to appeal the sentence imposed in this case was knowing and voluntary.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant recognizes that any estimate of the probable advisory sentencing range or sentence

4



that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office is a prediction, not a promise, and is not binding on the government, the probation office, or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court, and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This plea agreement, and the attendant plea agreement of ADRIAN VELA, if accepted by the Court, resolves all criminal charges regarding the defendant SEA FOOD CENTER, LLC., a/k/a KIERO SEAFOOD, arising from the facts and circumstances of which the United States is presently aware.

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/9/2011    By: _____
NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY

Date: 9/9/11    By: _____
MICHAEL A. MATTERS, ESQ.
ATTORNEY FOR DEFENDANT

5

Date: 09-09-11                By: _____
                                  ADRIAN VELA
                                  CORPORATE REPRESENTATIVE
                                  President
                                  SEA FOOD CENTER, LLC., a/k/a KIERO SEAFOOD